UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
KASSAHUN TEFERA,                    )
                                    )
            Plaintiff,              )
                                    )
      v.                            )   Civil Action No. 13-CV-1055 (KBJ)
                                    )
ONEWEST BANK, FSB,                  )
                                    )
            Defendant.              )
                                    )
_____ )

# MEMORANDUM OPINION

Plaintiff Kassahun Tefera ("Tefera"), proceeding *pro se*, filed the instant complaint in the Superior Court of the District of Columbia on June 7, 2013. Tefera alleges that Defendant OneWest Bank, FSB ("Defendant"), illegally foreclosed on his home. (Compl., Ex. A to Notice of Removal, ECF No. 1-1, at 2.) Defendant removed the matter to federal court. (Notice of Removal, ECF No. 1.) Presently before the Court is Defendant's motion to dismiss. (Def.'s Mot. to Dismiss ("Def.'s Mot."), ECF No. 4.) Defendant argues that Tefera's complaint must be dismissed in its entirety for failure to state a claim upon which relief can be granted because Tefera fails to meet the pleading requirements of the Federal Rules of Civil Procedure, and in any event, the relevant statute of limitations bars his claims. (*Id.*; *see also* Mem. In Supp. of Def.'s Mot. ("Def.'s Mem."), ECF No. 4-1, at 8.) Upon careful consideration of the motion and associated submissions from the parties, the entire record, the applicable law, and for the reasons that follow, Defendant's motion is **GRANTED**.

1

## I. FACTUAL BACKGROUND

This case arises out of Defendant's involvement in the foreclosure of Tefera's house. The following facts are taken from Tefera's complaint, the documents attached to the complaint, and public records that the parties submitted along with their briefs regarding the pending motion.

On September 25, 2006, Tefera refinanced his residential property, located at 629 Newton Place, N.W., Washington, D.C. 20010 (the "property"), with Mason Dixon Funding, Inc. ("Mason Dixon"). (Deed of Trust, Ex. A to Def.'s Mot., ECF No. 4-2, at 1-2; *see also* Compl. at 1-2.) In return for a $440,000 loan, Tefera granted Mason Dixon a deed of trust to the property. (*Id.*) Tefera alleges that he made a $30,000 down payment on the property and later made payments totaling $89,000 towards the loan. (Affidavit of Kassahun Tefera ("Tefera Aff."), Compl., ECF No. 1-1, at 8 ¶¶ 5-6.) According to Tefera, he spent an additional $50,000 on improvements to the property and engaged in maintenance and upkeep worth $100,000. (*Id.* ¶¶ 8-9; *see also* Ex. B. to Compl., ECF No. 1-1 at 11 (itemized list of improvements and maintenance).) Although the record does not make this clear, a key event must have occurred at some point: Mason Dixon transferred the deed to IndyMac Federal Bank, which eventually transferred it to Defendant OneWest. (*See* Foreclosure Notice, Compl., ECF No. 1-1, at 21. (identifying IndyMac Federal Bank, FSB, as the "holder of the note").) *See also Rathbun v. IndyMac Mortg. Servs.*, 916 F. Supp. 2d 1174, 1176-77 (D. Mont. 2013) (noting that the FDIC closed IndyMac Bank and transferred most of its assets to OneWest).

The complaint does not address when or why Tefera stopped making timely payments on his mortgage. But on February 13, 2009, a Notice of Foreclosure Sale of Real Property for Tefera's property was recorded with the Recorder of Deeds in the D.C. Office of Tax and Revenue. (Foreclosure Notice, Compl., ECF No. 1-1, at 21.) According to the Foreclosure Notice, a copy of the notice was sent to Tefera at the property's address, and there is no question that Tefera received the notice; he attached it to his complaint. (*See id.*)

Three months after the Notice of Foreclosure was filed, HSBC Bank USA purchased the property at a foreclosure sale and recorded its deed to the property on May 14, 2009. (HSBC Deed, Ex. B to Def.'s Mot.) Later that month, Tefera filed for Chapter 7 bankruptcy, and according to the docket sheet, the bankruptcy court eventually discharged Tefera's debts—including the unpaid amount that Tefera owed on his mortgage loan. (*See* Bankruptcy Case Docket for Bankruptcy Petition 09-00451, Ex. C to Def.'s Mot., ECF No. 4-4, at 2.)

On June 7, 2013, Tefera filed the instant complaint in the Superior Court for the District of Columbia, seeking $476,414 in damages. (*See* Compl. at 1.) In the complaint, Tefera makes four general claims: (1) that his lender "illegally foreclosed" his home; (2) that the lender did not show him the "original note"; (3) that the lender "separate[d the] original note from the mortgage for more than 90 days"; and (4) that the note "was converted to stock or stock equivalent" and, therefore, "it is no longer a note." (Compl. at 2, 4.) Elsewhere in the complaint, Tefera characterizes the bank's action as "a crime (Fraud)." (*Id.* at 5.)

3

Defendant removed the case to federal court on July 10, 2013. (Notice of Removal at 1.)[1] Defendant then moved to dismiss Tefera's complaint. (Def.'s Mot. at 1.) In his opposition to Defendant's motion to dismiss, Tefera adds additional factual allegations regarding Defendant's conduct, including that the bank "[f]ail[ed] to follow appropriate foreclosure [p]rocedure" when it filed "[f]alse and misleading documents" related to Tefera's mortgage, failed to have the documents properly notarized, and "engaged in a pattern of unfair and deceptive practice." (Opp'n to Mot. to Dismiss ("Pl.'s Opp'n"), ECF No. 6, ¶¶ I-K.)

## II.    LEGAL STANDARD FOR A MOTION TO DISMISS

### A. Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) provides that a party may move to dismiss a complaint on the grounds that it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, a complaint must comply with Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). This requirement is meant to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).

"Although 'detailed factual allegations' are not necessary to withstand a Rule 12(b)(6) motion to dismiss for failure to state a claim, a plaintiff must furnish 'more than labels and conclusions' or 'a formulaic recitation of the elements of a cause of

---

[1] In the Notice of Removal, Defendant argued that this Court's jurisdiction was proper on several grounds, including diversity of citizenship. (Notice of Removal, ECF No. 1.) Tefera did not seek remand or in any other way oppose removal.

4

action.'" *Busby v. Capital One, N.A.*, 932 F. Supp. 2d 114, 133 (D.D.C. 2013) (quoting *Twombly*, 550 U.S. at 555). In other words, the plaintiff must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Mere conclusory statements" of misconduct are not enough to make out a cause of action against a defendant. *See id.* Rather, a complaint must contain sufficient factual allegations that, if true, "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The court must view the complaint in a light most favorable to the plaintiff and must accept as true all reasonable factual inferences drawn from well-pleaded factual allegations." *Busby*, 932 F. Supp. 2d at 134 (citation omitted). Although the court must accept as true the facts in the complaint, it "need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint," *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994), nor is the court "bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (citation omitted).

Significantly, the pleadings of *pro se* parties are to be "liberally construed, and a *pro se complaint,* however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal quotation marks and citations omitted). "This benefit is not, however, a license to ignore the Federal Rules of Civil Procedure." *Sturdza v. United Arab Emirates*, 658 F. Supp. 2d 135, 137 (D.D.C. 2009) (citation omitted). Rather,

"even though a *pro se* complaint must be construed liberally, the complaint must still 'present a claim on which the Court can grant relief.'" *Budik v. Dartmouth-Hitchcock Med. Ctr.*, 937 F. Supp. 2d 5, 11 (D.D.C. 2013) (quoting *Chandler v. Roche*, 215 F. Supp. 2d 166, 168 (D.D.C. 2002)); *see Moore v. Motz*, 437 F. Supp. 2d 88, 90 (D.D.C. 2006) (noting that "[e]ven a pro se plaintiff's inferences" need not be accepted if they "are unsupported by the facts set out in the complaint" (citation omitted)); *see also Crisafi v. Holland*, 655 F.2d 1305, 1308 (D.C. Cir. 1981) (same).

### B. Possible Conversion to a Motion for Summary Judgment

"In evaluating a 12(b)(6) motion to dismiss, a court may consider 'the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint,' or 'documents upon which the plaintiff's complaint necessarily relies even if the [parties do not produce the] document[.]'" *Busby*, 932 F. Supp. 2d at 133-34 (D.D.C. 2013) (quoting *Ward v. D.C. Dep't of Youth Rehab. Servs.*, 768 F. Supp. 2d 117, 119 (D.D.C. 2011)). The court may also consider documents in the public record of which the court may take judicial notice, *Abhe & Svoboda, Inc. v. Chao*, 508 F.3d 1052, 1059 (D.C. Cir. 2007) (citation omitted), as well as the existence of other litigation, including bankruptcy proceedings. *Youkelsone v. FDIC*, 910 F. Supp. 2d 213, 228 (D.D.C. 2012) (taking judicial notice of plaintiff's prior foreclosure proceedings and bankruptcy case).

If the Court considers materials outside the pleading on which the complaint does not "necessarily rely," or outside the public record, it must convert the motion to dismiss into one for summary judgment. *Kim v. United States*, 632 F.3d 713, 719 (D.C. Cir. 2011) (citing Fed. R. Civ. P. 12(d)); *see also Wiley v. Glassman*, 511 F.3d 151, 160

(D.C. Cir. 2007) (same).[2] "The decision to convert a motion to dismiss into a motion for summary judgment . . . is committed to the sound discretion of the trial court." *Flynn v. Tiede-Zoller, Inc.*, 412 F. Supp. 2d 46, 50 (D.D.C. 2006) (citations omitted). In exercising this discretion, the "reviewing court must assure itself that summary judgment treatment would be fair to both parties[.]" *Tele-Comm'cns of Key West, Inc. v. United States*, 757 F.2d 1330, 1334 (D.C. Cir. 1985). Fairness generally requires giving the parties notice and an opportunity to be heard on the issue of summary judgment, *see Kim*, 632 F.3d at 719, or at least an opportunity to contest the materials outside the pleadings "such that they are not taken by surprise[,]" *Bowe-Connor v. Shinseki*, 845 F. Supp. 2d 77, 86 (D.D.C. 2012).

In this case, Tefera attached six documents to his complaint, which are necessarily considered to be part of the complaint: an affidavit describing his payment history (Tefera Aff.); the recorded physical address of his home (Ex. A to Compl., ECF No. 1-1 at 10); an itemized list of improvements and maintenance at his home (Ex. B to Compl., ECF No. 1-1 at 11); a letter dated June 6, 2013, from Tefera to OneWest Bank (Ex. C to Compl., ECF No. 1-1 at 12-14); a letter dated June 6, 2013, from Tefera to OneWest Bank entitled "Qualified Written Request" (Ex. D to Compl., ECF No. 1-1 at 15-20); and the Notice of Foreclosure Sale of Real Property to Tefera's home, recorded

---

[2] Specifically, Rule 12(d), entitled "Result of Presenting Matters Outside the Pleadings," states that "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

[3] The result is no different if the Court construes Tefera's complaint to allege fraud, since Tefera should have known of the purported fraud, at the very latest, by the time HSBC recorded its deed to the foreclosed property. *See Drake v. McNair*, 993 A.2d 607, 617 (D.C. 2010) (a fraud action accrues on the date the plaintiff knew or should have known "(1) the existence of the alleged injury, (2) its cause in fact, and (3) some evidence of wrongdoing" (citation omitted)).

on October 4, 2006 (*id.* at 21-22).  Defendant attached additional materials to its motion to dismiss, including the refinanced mortgage agreement deed of trust to Tefera's home (Ex. A to Def.'s Mot., ECF No. 4-2, at 2-18); the substitute trustees' deed selling the interest in the property to HSBC in its role as trustee for BCAP2006-AA2, a securitization (Ex. B to Def.'s Mot., ECF No. 4-3, at 2-3); and the docket sheet to Tefera's bankruptcy case in United States Bankruptcy Court for the District of Columbia (Ex. C to Def.'s Mot., ECF No. 4-4, at 2-8).  The Court finds that the first two documents the Defendant submitted—the mortgage refinance agreement and deed of trust, as well as the substitute trustees' deed to HSBC—are incorporated by reference into the complaint, given that Tefera described the nature of the problem as stemming from the "original note" and its conversion into stock.  (*See* Compl. at 4-5.)  *See Busby*, 932 F. Supp. 2d at 133-34.  What is more, the Defendant's two documents that were filed with the D.C. Recorder of Deeds may be considered on a motion to dismiss as public records.  *See Abhe & Svoboda*, 508 F.3d at 1059.  The Court will also take judicial notice of the bankruptcy docket and thereby consider Defendant's third exhibit. *See Youkelsone*, 910 F. Supp. 2d at 228.  Accordingly, the Court will consider all of the documents attached to Defendant's motion to dismiss without converting the motion into one for summary judgment; and, as such, the standards of Rule 12(b)(6) apply.

## III. ANALYSIS

Tefera's complaint cannot survive Defendant's Rule 12(b)(6) motion to dismiss for several reasons.

### A. Tefera's Complaint Fails To Satisfy The Required Notice Pleading Standards

8

The complaint in this case does not meet the minimum requirements of Rule 8(a), as it contains only the repeated conclusory allegations that the foreclosure was "illegal" and that the bank's treatment of the mortgage note was improper. (*See, e.g.*, Compl. at 2, 4.) To the extent that these conclusory allegations are read to assert wrongful foreclosure, such a claim certainly fails to comply with Rule 8(a). To state a claim for wrongful foreclosure, the plaintiff must allege sufficient facts to state a plausible claim that he "sustain[ed] damages by reason of a foreclosure executed in a manner contrary to law." *Robinson v. Deutsche Bank Nat'l Trust Co.*, 932 F. Supp. 2d 95, 103 (D.D.C. 2013) (quoting *Johnson v. Fairfax Vill. Condo. IV Unit Owners Ass'n*, 641 A.2d 495, 505 (D.C. 1994)); *Jackson v. ASA Holdings*, 751 F. Supp. 2d 91, 101 ("[A]n essential element of a wrongful foreclosure claim is establishing that the foreclosure was contrary to law." (citation omitted)). Among other things, foreclosure is contrary to law when it fails to meet the statutory notice requirements of D.C. law, *see, e.g.*, *Robinson*, 932 F. Supp. 2d at 103-104 (alleging that foreclosure was wrongful because it failed to comply with D.C. Code § 42-815, which requires that foreclosures follow certain procedural requirements, including issuance of a notice of foreclosure and delivery of the notice to the homeowner), or when the foreclosure is executed in a way that violates common law duties, *see, e.g.*, *Cassidy v. Owen*, 533 A.2d 253, 255 (D.C. 1987) (alleging that the foreclosure was wrongful under a theory of equitable estoppel because of the bank's misrepresentation of the amount due on the mortgage note).

Tefera has not shown that the foreclosure of his property failed to meet any such statutory requirements or common law duties. Tefera has not identified any regulations

9

that Defendant violated, nor any procedures that Defendant failed to follow, and he has failed to identify any standards that Defendant somehow failed to meet. Indeed, in the absence of any such statement, Tefera's complaint is exactly the type of "defendant-unlawfully-harmed-me accusation" that the Federal Rules are designed to prevent, *Iqbal*, 556 U.S. at 678, and, as such, it fails to state a claim for wrongful foreclosure. *See Jackson*, 751 F. Supp. 2d at 101 ("A conclusory allegation that Defendants wrongfully foreclosed is totally inadequate to state a claim for wrongful foreclosure."). The documents attached to the complaint and the Defendant's motion to dismiss do not help matters; indeed, they clearly indicate that, after Tefera defaulted on his mortgage, a Notice of Foreclosure Sale was properly filed and recorded, as were the resulting foreclosure purchase documents. (*See* Foreclosure Notice, Compl., ECF No. 1-1, at 21; HSBC Deed, Ex. B to Def.'s Mot.) These documents suggest that the foreclosure was proper, and thus that Tefera's mere conclusory allegation that the foreclosure was not proper does not state a viable claim for relief. *See Brooks-Miller v. England*, 357 F. Supp. 2d 197, 202 (D.D.C. 2004) ("[T]he Court finds that the plaintiff cannot state a viable claim for relief where the facts and allegations set forth in her complaint are contradicted by her later pleadings." (citation omitted)); *see also Franklin v. Asaph Ltd. P'ship v. FDIC*, 794 F. Supp. 402, 404 (D.D.C. 1992) ("[T]he court will not accept conclusory allegations concerning the legal effect of the events plaintiff has set out if these allegations do not reasonably follow from his description of what happened, or if these allegations are contradicted by the description itself." (internal quotation marks and citation omitted)). Accordingly, the Court finds that the complaint should be

dismissed under Rule 12(b)(6) for failure to meet the notice pleading requirements of Rule 8(a).

To the extent that Tefera's complaint can be read to allege a breach of contract based on obligations set forth in the original note, the Court reaches the same conclusion. To establish a prima facie case of breach of contract under D.C. law, a plaintiff must allege sufficient facts to support the existence of the following elements: "(1) a valid contract between the parties; (2) an obligation or duty arising out of the contract; (3) a breach of that duty; and (4) damages caused by breach." *Millenium Square Residential Ass'n v. 2200 M St. LLC*, No. 11-1632, 2013 WL 3462573, at *8 (D.D.C. July 10, 2013) (quoting *Paulin v. George Wash. Univ. Sch. of Med.*, 878 F. Supp. 2d 241, 246 (D.D.C. 2012)). Here, even assuming that the contract at issue is the original mortgage note, Tefera has not established that Defendant OneWest was a party to the contract, nor has he pointed to any particular language in the mortgage note or any other agreement setting forth a duty that Defendant OneWest either owed or breached. The complaint thus fails to contain sufficient factual material to show that any breach of contract is plausible on its face. *See, e.g.*, *Ihebereme v. Capital One, N.A.*, 730 F. Supp. 2d 40, 48 (D.D.C. 2010) ("Without a contractual duty, there can be no breach of contract, and by not identifying any duty under [a] contract to forbear from taking any of the actions alleged, plaintiff has not stated a claim for breach of contract.").

Likewise, to the extent that Tefera's claims sound in fraud, he has fallen short of stating such a claim. Rule 9(b) requires a plaintiff to "state with particularity the circumstances constituting fraud," Fed. R. Civ. P. 9(b), which requires pleading

11

"matters such as the time, place and content of the false [representations], the misrepresented fact and what the opponent retained or the claimant lost as a consequence of the alleged fraud." *Henok v. Chase Home Fin., LLC*, 922 F. Supp. 2d 110, 122 (D.D.C. 2013) (internal quotation marks and citation omitted). This rule applies even to plaintiffs who are proceeding *pro se*. *See Elemary v. Philipp Holzmann A.G.*, 533 F. Supp. 2d 116, 137 (D.D.C. 2008) ("Rule 9(b) applies with equal strength to defendants sued by a *pro se* litigant . . . [and] requires that the pleader provide the who, what, when, where, and how with respect to the circumstances of the fraud." (internal quotation marks and citation omitted)); *Shekoyan v. Sibley Int'l Corp.*, 217 F. Supp. 2d 59, 64 (D.D.C. 2002) ("[S]ome degree of particularity regarding a claim of fraud must be pled even by a *pro se* litigant to satisfy Rule 9(b)." (citation omitted)). The instant complaint contains a single reference to fraud, in the form of a conclusory characterization of Defendant's actions: "tak[ing] someone['s] home without any documentation is a crime (Fraud)." (Compl. at 5.) This single conclusory reference to fraud misses the mark for notice pleading under Rule 8, let alone the heightened pleading standard required for fraud claims under Rule 9(b). Accordingly, whether Tefera's complaint sounds in wrongful foreclosure, breach of contract, or fraud, it fails to state a claim upon which relief can be granted and must be dismissed pursuant to Rule 12(b)(6).

### B. The Applicable Statutes Of Limitations Bars Tefera's Claims

Notably, even if Tefera had lived up to the pleading requirements, his claims still would not survive dismissal because they are time-barred. Section 12-301 of the D.C. Code sets forth the limitations periods for different causes of action. D.C. Code § 12-

3011 (2013). The relevant limitations period for Tefera's claims is three years—whether he alleges a simple contract claim based on obligations set forth in the mortgage note, *id.* § 12-301(7); a wrongful foreclosure claim, *id.* § 12-301(8); or a claim of fraud, *id.* § 12-301(8); *see also Bakeir v. Capital City Mortg. Corp.*, 926 F. Supp. 2d 320, 334 (D.D.C. 2013) ("Under District of Columbia law, fraud claims are subject to a three-year statute of limitations." (citation omitted)).

Defendant argues that whichever cause of action Tefera alleges, the applicable three-year statute of limitations bars his claims. This Court agrees. In a wrongful foreclosure action, the three-year statute of limitations accrues on the date the notice of foreclosure issues. *See Murray v. Wells Fargo Home Mortg.*, 953 A.2d 308, 322 (D.C. 2008). The notice of foreclosure in this case issued on February 13, 2009. (Notice of Foreclosure, ECF No. 1-1, at 21-22.) Thus, the statute of limitations expired for Tefera's wrongful foreclosure claim three years from that date—on February 13, 2012. Because Tefera did not file the instant complaint until June 2013, his claim is time-barred.

The same is true of Tefera's possible breach of contract claim. Under D.C. law, a breach of contract accrues when the contract is first breached or, at the latest, when the contract is terminated. *See Material Supply Int'l v. Sunmatch Indus.*, 146 F.3d 983, 992 (D.C. Cir. 1998). Assuming that the contract at issue in Tefera's complaint is the initial mortgage agreement, the alleged breach must have occurred by the time HSBC recorded its deed, and could possibly have occurred earlier—perhaps, for example, when the bank "separate[d]" the original note from the mortgage note. (*See, e.g.*, Compl. at 4.) HSBC recorded its deed to the property purchased at the foreclosure sale

13

on May 14, 2009 (*See* Deed of Trust, Ex. B to Def.'s Mot., ECF No. 4-3, at 2); consequently, at the very latest, the claim accrued on that date, and the time to file expired on May 15, 2012.[3]

In sum, whether Tefera intended to bring a wrongful foreclosure claim, a breach of contract claim, or some other cause of action, he filed his complaint outside of the relevant window of time, and the statute of limitations bars his claims.

Undaunted, Tefera asserts that there should be "no time limitation" for banks such as Defendant, arguing that the bank was misleading its customers and that it would be unfair to find his claims time-barred. (Pl.'s Opp'n at 2.) But this argument appears to have no basis, for the Court cannot find any statutory provision or legal precedent that permits or requires setting aside a statute of limitations merely because the defendant owed a fiduciary duty to plaintiff. And although a court may set aside a statute of limitations when a defendant fraudulently conceals his conduct such that the defendant's fraud contributed to the plaintiff's filing delay, *see Riddell v. Riddell Wash. Corp.*, 866 F.2d 1490, 1498 (D.C. Cir. 1989) (noting that fraudulent concealment of foreclosure could toll the applicable statute of limitations), Tefera has made no such allegation in the complaint. Nor does the Court any find reason to apply an equitable doctrine to toll the statute of limitations in this case, especially since it is clear beyond cavil that Tefera had notice of the foreclosure by the time HSBC recorded its possession of the property. *Cf. Williams v. Connor*, 522 F. Supp. 2d 92, 100-101 (D.D.C. 2007)

---

[3] The result is no different if the Court construes Tefera's complaint to allege fraud, since Tefera should have known of the purported fraud, at the very latest, by the time HSBC recorded its deed to the foreclosed property. *See Drake v. McNair*, 993 A.2d 607, 617 (D.C. 2010) (a fraud action accrues on the date the plaintiff knew or should have known "(1) the existence of the alleged injury, (2) its cause in fact, and (3) some evidence of wrongdoing" (citation omitted)).

14

(declining to toll the statute of limitations on the plaintiff's wrongful foreclosure claim where there was no indication that defendant had withheld notice of foreclosure).

Tefera did not file the instant complaint until June 2013—more than one year after even the most generous expiration date of the relevant statute of limitations. Accordingly, this Court agrees with Defendant that, even if the allegations of the complaint survived scrutiny under the applicable pleading standards, Tefera's claims must be dismissed as time-barred.

**IV.　Conclusion**

For the foregoing reasons, Defendant's motion is **GRANTED** and the complaint is dismissed in its entirety.  A separate order consistent with this opinion will follow.

Date:  January 31, 2014                              *Ketanji Brown Jackson*
　　　　　　　　　　　　　　　　　　　　　　　KETANJI BROWN JACKSON
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge